# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-164V
Filed: December 12, 2016
Not for Publication

*************************************
D.J. (a Minor), by her Parents,          *
DEMARCO JOHNSON and                      *
LATEASHA JOHNSON,                        *
                                         *
          Petitioners,                   *
                                         *   Attorneys' fees and costs decision;
v.                                       *   reasonable attorneys' fees and costs
                                         *
SECRETARY OF HEALTH                      *
AND HUMAN SERVICES,                      *
                                         *
          Respondent.                    *
                                         *
*************************************

<u>William E. Cochran, Jr.</u>, Memphis, TN, for petitioners.
<u>Ryan D. Pyles</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On February 23, 2015, petitioners filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012). Petitioners alleged that their daughter, D.J., developed encephalitis as a result of her receipt of influenza ("flu") vaccine on January 7, 2014. On August 22, 2016, the undersigned issued a decision awarding damages pursuant to the parties' stipulation.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On November 23, 2016, petitioners filed a motion for attorneys' fees and costs. Petitioners request attorneys' fees in the amount of $49,561.50, attorneys' costs in the amount of $9,690.54, and personal expenses of $3,313.32, for a total request of $62,565.36.

On December 12, 2016, respondent filed a response to petitioners' motion explaining that she is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B).  Resp. at 2.  Respondent "respectfully recommends that the special master exercise her discretion" to determine a reasonable award of attorneys' fees and costs.  Id. at 3.  On December 12, 2016, petitioners' counsel informed the undersigned's law clerk that he does not anticipate filing a reply to respondent's response.

Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013). The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.  Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Based on her experience and review of the billing records submitted by petitioners, and in light of petitioners' counsel's excellent work and expedited settlement of the case, the undersigned finds that petitioners' total request for attorneys' fees and costs is reasonable.

**Accordingly, the court awards:**

a. **$59,252.04**, representing attorneys' fees and costs.  The award shall be in the form of a check made payable jointly to petitioners and Black McLaren Jones Ryland & Griffee, PC in the amount of **$59,252.04**; and

b. **$3,313.32**, representing petitioners' costs.  The award shall be in the form of a check for **$3,313.32** made payable to petitioners.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: December 12, 2016                                                          s/ Laura D. Millman
                                                                                                  Laura D. Millman
                                                                                                  Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.